## Mary E. Lamm, Appellee, v. Gilbert Miller, Jr., et al., Appellants.

DRAM-SHOPS—*when sale to minor not wilful.* If it does not appear that the defendants knew that the person to whom liquor was sold was a minor, the sale cannot be held as wilful or wanton so as to justify exemplary damages where it appears that the minor in question was between 20 and 21 years of age and appeared much older.

Action in case. Appeal from the Circuit Court of Fulton county; the Hon. HARRY M. WAGGONER, Judge, presiding. Heard in this court at the November term, 1910. Reversed and remanded. Opinion filed May 26, 1911.

THOMAS F. FERNS, MARVIN T. ROBISON, RUFUS M. POTTS, W. H. NELMS and ALFRED ADAMS, for appellants.

CLARENCE W. HEYL, for appellee; M. P. RICE, of counsel.

MR. JUSTICE BAUME delivered the opinion of the court.

This is a suit instituted by appellee, against the appellants, Gilbert Miller, Jr., and Tony Ferro, together with certain other persons named as co-defendants with appellants, to recover damages for injury to her means of support alleged to have been occasioned in consequence of the intoxication of her minor son caused in whole or in part by the defendants. Upon the trial of the cause in the circuit court of Fulton county the jury returned a verdict as follows:

"We, the jury, find Gilbert Miller, Jr., Tony Ferro, Tony Blazino and Tony Golick, guilty, and fix the plaintiff's damages at eleven hundred fifty dollars ($1,150.00), and of this amount we fix the actual damages at one hundred fifty dollars ($150.00)."

After verdict and before judgment appellee dismissed her suit as to the defendants, Tony Blazino and Tony Golick, and judgment was entered against appellants for the amount of the verdict.

As the judgment must be reversed and the cause remanded for error in an instruction given at the instance of appellee, and because the amount awarded by the jury to appellee for exemplary damages is grossly excessive, we deem it unnecessary to advert to the evidence further than to say that it was sufficient to require the submission of the case to the jury for determination upon the merits.

The tenth instruction given at the request of appellee is as follows:

"The court instructs the jury as a matter of law that under the statute of this state the sale or gift by a keeper of a dramshop of intoxicating liquors to a male person under the age of twenty-one years, or to an intoxicated person of any age, is a violation of the law relating to the sale of intoxicating liquors. And in this case, if you believe from the evidence that Bertie Lamm was under the age of twenty-one years, or was intoxicated when the defendants or any of them or his or their agents or servants sold or gave him intoxicating liquors, then such sale (if any) was wilful and wanton, and

in that state of the proof your verdict may include exemplary damages in addition to the actual damages, if any is shown by the evidence."

At the time appellants are alleged to have caused the intoxication of appellee's son, he was between 20 and 21 years of age, while in fact he appeared to be 26 or 27 years of age. There is no evidence whatever tending to show that the appellants knew that he was a minor. In this case the sale of intoxicating liquor by appellants cannot be held as a matter of law to have been wilful and wanton, so as to justify an award of exemplary damages, merely because appellee's son was a minor.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*